ALVERSON, TAYLOR,
MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*Snowed Inn, Incorporated*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ZIMMERMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SNOWED INN, INCORPORATED,<br><br>Defendants. | Case No.: 2:17-cv-00595-GMN-GWF |

## ANSWER TO COMPLAINT

COMES NOW, Defendant, SNOWED INN, INCORPORATED, by and through its attorneys of record, ALVERSON, TAYLOR, MORTENSEN, & SANDERS, and answers Plaintiff's Complaint on file herein as follows:

## JURISDICTION AND VENUE

1. This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Complaint and upon said ground denies each and every allegation contained therein.

///

///

## STANDING

2.   This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 6, 7, 9, 10 and 11 of Plaintiff's Complaint and upon said ground denies each and every allegation contained therein.

3.   This answering Defendant denies those allegations contained in Paragraphs 8, 12, 13, 14 and 15 of Plaintiff's Complaint.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

4.   This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29 of Plaintiff's Complaint and upon said ground denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.   This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 30 and 32 of Plaintiff's Complaint and upon said ground denies each and every allegation contained therein.

6.   This answering Defendant denies those allegations contained in Paragraphs 31, 33, 34 and 35 of Plaintiff's Complaint.

## I.
## FIRST CAUSE OF ACTION
## (Violation of Title III of ADA)

7.   This answering Defendant repeats and realleges its answers to each and every allegation contained above as if set forth at length herein.

///

8. This answering Defendant denies those allegations contained in Paragraphs 40 and 42 of Plaintiff's Complaint.

9. This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 37, 38, 39, 41 and 43 of Plaintiff's Complaint and upon said ground denies each and every allegation contained therein.

### RELIEF

10. This answering Defendant denies those allegations contained in Paragraphs 44, 45, 46 and 47 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The incident alleged in the Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of this Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the occurrence referred to in the Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom this Defendant has no control.

### THIRD AFFIRMATIVE DEFENSE

All risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and said Plaintiff voluntarily assumed said risks and dangers.

///

///

KB/24713

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint on file herein fails to state a claim against this Defendant upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

## SIXTH AFFIRMATIVE DEFENSE

Named Plaintiffs lack standing to challenge barriers in restaurants they did not visit prior to the filing of the initial complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

Court lacks diversity jurisdiction over Plaintiffs' state law claims under the "local controversy" exception to the CAFA, 28 U.S.C. § 1332(d)(4)(A).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join necessary or indispensable parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, with respect to any particular architectural element of any restaurant that departs from accessibility guidelines, the restaurants have provided

///

KB/24713

"equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiffs' use of an area for an intended purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the barrier removal(s) Plaintiffs seek pursuant to the ADA in restaurants built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the modifications Plaintiffs seek are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alterations made by the franchisee operators of the restaurants are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

### SIXTEENTH AFFIRMATIVE DEFENSE

Complaint does not satisfy the requirements of Fed. R. Civ. P. 23(a) and 23(b).

///

///

KB/24713

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims that the restaurant was designed in violation of the ADA or Title 24 are barred to the extent the restaurants were designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant has made good faith efforts to comply with the ADA, and the Nevada Disabled Persons Act, including providing appropriate alternative access.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the Nevada Constitution and the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not legally responsible for property that is not within its possession, custody or control.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

2. For reasonable attorney's fees and their costs of suit incurred herein; and

///

///

///

///

///

KB/24713

3. Such other and further relief as the Court may deem just and proper.

DATED this 1ST day of May, 2017.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

KURT R. BONDS, ESQ.
Nevada Bar #6228
7401 W. Charleston Blvd.
Las Vegas, NV 89117
(702) 384-7000
*Attorneys for Defendant*
*Snowed Inn, Incorporated*

**CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 3 day of May, 2017, I did serve, via Case Management/Electronic Case Filing, a copy of the above and foregoing **ANSWER TO COMPLAINT** addressed to:

Whitney C. Wilcher, Esq.
THE WILCHER FIRM
8465 W. Sahara Ave., Suite 111-236
Las Vegas, NV 89117

An Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

N:\kurt.grp\CLIENTS\24700\24713\pleading\answer.doc

7

KB/24713